UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | * | CR 12-30021-RAL |
|---|---|---|
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | ADOPTING REPORT AND |
| | * | RECOMMENDATION AND |
| BURTON WILBUR KING, | * | DENYING MOTION TO |
| | * | DISMISS INDICTMENT |
| Defendant. | * | |

In May 1993, Defendant Burton Wilbur King pled guilty to aggravated sexual abuse, 18 U.S.C. §§ 1153, 2241(c), and 2245(2)(A), in the United States District Court for the District of South Dakota. CR-93-30003-CBK, Doc. 22. The Honorable John B. Jones sentenced Defendant to 108 months in custody followed by three years of supervised release. Id. The Honorable Charles B. Kornmann revoked Defendant's supervised release in July of 2002 and sentenced Defendant to an additional 20 months of supervised release. Id. at Doc. 50. One of the conditions of Defendant's supervised release was that Defendant register as a sex offender. Id.

On February 14, 2012, Defendant was indicted for failing to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"). CR-12-30021, Doc. 1. SORNA, enacted in July of 2006, makes it a crime for a person "who is required to register under the [ACT]" and who "travels in interstate or foreign commerce" to knowingly "fai[l] to register or update a registration . . ." 18 U.S.C. § 2250(a). Title 42 U.S.C. § 16913 delineates SORNA's registration requirement and grants the Attorney General "the authority to specify the applicability of the [registration] requirements of this subchapter to sex offenders convicted before the enactment of this chapter." Id. at § 16913(d). In February of 2007, the Attorney General announced an Interim Rule stating that the "requirements of the [SORNA] apply to all sex offenders including sex offenders

convicted of the offense for which registration is required prior to enactment of [the] Act." 28 C.F.R. § 72.3. In December of 2010, the Attorney General issued a Final Rule, which became effective on January 28, 2011. See 75 Fed. Reg. 81849-50. "By this rule, the Department of Justice [finalized] an interim rule specifying that the requirements of [SORNA] . . . apply to all sex offenders, including sex offenders convicted of the offense for which registration is required before the enactment of [the] Act." Id.

Defendant, a pre-SORNA offender, filed a motion to dismiss his indictment contending that Congress' grant of authority to the Attorney General to determine the retroactivity of SORNA violates the non-delegation doctrine because 42 U.S.C. § 16913(d) lacks any standard or intelligible principle to guide the Attorney General. Doc. 21; Doc. 22. In a Report and Recommendation, Magistrate Judge Moreno rejected Defendant's non-delegation argument and recommended that this Court deny Defendant's Motion to Dismiss Indictment. Doc. 24. Defendant has filed objections to Judge Moreno's Report and Recommendation, as allowed by 28 U.S.C. § 636(b)(1). Doc. 25. Rather than making any specific objections or citing any additional case law, however, Defendant simply incorporated by reference the arguments he made in his motion before Judge Moreno.

This Court has conducted a de novo review of the issues in this case under 28 U.S.C. § 636(b)(1). Judge Moreno recognized and this Court agrees that every other federal court of appeals and district court to directly address a SORNA non-delegation challenge has rejected it. See, e.g., United States v. Felts, 674 F.3d 599, 606 (6th Cir. 2012) ("Congress's delegations under SORNA possess a suitable intelligible principle and are well within the outer limits of the Supreme Court's nondelegation precedents.") (internal marks and citations omitted); United States v. Rogers, No. 10-5099, 2012 WL 698890, at *2 (4th Cir. Mar. 6, 2012) ("The Attorney General's exercise of discretion

is adequately cabined by [SORNA's] clear statement of purpose."); United States v. Guzman, 591 F.3d 83, 93 (2nd Cir. 2010) (rejecting SORNA non-delegation challenge and noting that Attorney General's authority under SORNA is "highly circumscribed."); United States v. Whaley, 577 F.3d 254, 264 (5th Cir. 2009) ("SORNA's statement of purpose to 'establish a comprehensive national system' of sex offender registration to 'protect from sex offenders and offenders against children,' 42 U.S.C. § 16901, is an intelligible principle that guides the Attorney General in exercising his discretion.") (internal marks omitted); United States v. Ambert, 561 F.3d 1202, 1213 (11th Cir. 2009) ("We are satisfied that Congress has provided the Attorney General with 'intelligible principles' in [SORNA]."); United States v. Dixon, 551 F.3d 578, 583-84 (7th Cir. 2008) rev'd on other grounds by Carr v. United States, 130 S.Ct. 2229 (2010); United States v. Mee, No. 5:11-CR-101, 2012 WL 1638436, at *5-6 (D. Vt. May 9, 2012); United States v. Goodwin, No. 11-20036, 2012 WL 984268, at *2-3 (C.D. Ill. Mar. 22, 2012); United States v. Sudbury, No. 11-cr-5536, 2012 WL 925960, at *2-4 (W.D. Wash. Mar. 19, 2012); United States v. Kuehl, No. 11-CR-3053, 2012 WL 844321, at *3 (N.D. Iowa, Mar. 12, 2012); United States v. Lunsford, No. 11-00175-01, 2012 WL 828039, at *5-6 (W.D. Mo. Feb. 28, 2012); United States v. Rand, No. 11-CR-2727, 2012 WL 195017, at *4 (W.D. Tex. Jan. 23, 2012); United States v. Sherman, 784 F. Supp. 2d 618, 622 (W.D. Va. 2011); United States v. Cotton, 760 F. Supp. 2d 116, 134-35 (D. D.C. 2011). While Defendant would have this Court look only to the specific language of 42 U.S.C. § 16913(d) when considering his non-delegation challenge, this Court finds persuasive the Eleventh Circuit's rationale in Ambert that Congress "has undeniably provided the Attorney General with a policy framework in § 16901 to guide his exercise of discretion under § 16913(d); and it has made a series of legislative judgments in §§ 16911, 16913, 16914, and 2250 that constrict the Attorney General's discretion to a narrow and

defined category." 561 F.3d at 1213. Because Congress provided appropriate "intelligible principles" to guide the Attorney General's discretion under § 16913(d), this Court denies Defendant's Motion to Dismiss Indictment.

**CONCLUSION AND ORDER**

For the reasons explained above, it is hereby

ORDERED that Defendant's Motion to Dismiss Indictment (Doc. 21) is denied. It is further

ORDERED that Defendant's objections to the Report and Recommendation (Doc. 25) are overruled. It is further

ORDERED that the Report and Recommendation of Magistrate Judge Moreno (Doc. 24) is adopted in full.

Dated June 18, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE